0350

BURNETT DUBOSE COMPANY, INC., Appellant, v. J. G. STARNES,
Respondent.

(324 S. E. (2d) 651)

Court of Appeals

*James E. Parham, Jr.,* Columbia, *for appellant.*

*Arthur D. Rich,* of *Rich, Simons & Maxwell,* Aiken, *for respondent.*

Heard Oct. 15, 1984.

Decided Dec. 31, 1984.

GARDNER, Judge:

This is a suit on account by Burnett Dubose Company, Inc., (plaintiff) against J. G. Starnes (Starnes) in which it is alleged that Starnes purchased from the plaintiff $24,457.77 of merchandise between January 2, 1980, and September 5, 1980, and that a carrying charge in the amount of $9,809.75 had

accrued on the indebtedness as of November 25, 1981. Starnes admitted the principal indebtedness but denied that there was an agreement to pay a carrying charge of 1½% per month on all past due accounts. On motion for summary judgment, the trial judge entered judgment for Starnes as to the carrying charges, holding that there was no contract in writing between the parties for these charges. The trial judge found the account to be an account stated and allowed only the legal rate of interest per Section 34-31-20, Code of Laws of South Carolina, 1976, as amended. We disagree and reverse.

The statutory interest rate on accounts stated prescribed by Section 34-31-20 is applicable only in the absence of a written agreement between the parties fixing a different rate of interest. *Turner Coleman, Inc. v. Ohio Construction and Engineering, Inc.*, 272 S. C. 289, 251 S. E. (2d) 738 (1979). In the instant case, there is of record a copy of an invoice dated March 31, 1980, which is signed by Starnes and contains this: "A service charge of 1½% (18% per annum) will be added on all past due *accounts.*" (Emphasis ours.) We hold that this is a written agreement between the parties, signed by Starnes, that Starnes will pay 1½% per month interest on all past due accounts owed by him to the plaintiff. For this reason, the judgment below is reversed.

Reversed.

SANDERS, C. J., and GOOLSBY, J., concur.