## 1710

J.C. WHITE LUMBER CO., INC., Respondent v. L. Douglas ALLEN, Appellant.

(410 S.E. (2d) 588)

Court of Appeals

*Coming B. Gibbs, Jr.,* of *Gibbs & Holmes,* Charleston, *for appellant.*

*Barry I. Baker, Gedney M. Howe, III,* and *Donald H. Howe,* Charleston, *for respondent.*

Heard Sept. 17, 1991.

Decided Oct. 14, 1991.

CURETON, Judge:

This is an action on a debt. The primary issue in the case is whether the lumber company sold building materials to Douglas Allen in his individual capacity or whether the materials were sold to a corporation in which Allen was simply a shareholder. The trial court, sitting without a jury, entered judgment for the lumber company. Allen appeals. We affirm in part, reverse in part, and remand.

The lumber company alleges in its complaint it sold building materials to Allen individually and there is due and owing the sum of $57,433.04 plus interest from March 31, 1989. Allen admits in his answer he owes the lumber company for materials furnished for his personal residence and his son's residence, but denies he personally owes the remainder of the debt.

At trial, the president of the lumber company testified Allen personally contracted with him for the purchase of the materials in question. He emphatically denied the company had extended credit to or contracted with the corporation, J&D Construction Company, in which Allen owns a one-half interest. He also testified that after the account got into arrears, Allen promised payment on several occasions. Additionally, he testified he refrained from filing a mechanic's lien after being assured by Allen the account would be paid. Two other witnesses testified Allen had indicated to them he intended to pay the lumber company.

On the other hand, Allen testified that while he personally contacted the lumber company about extending credit, he did

it on behalf of J&D Construction. He and his witness testified an employee of J&D Construction, not Allen personally, ordered the materials and all payments on the account were made by J&D Construction. Allen's bookkeeper also testified he had contacted the bookkeeper at the lumber company and requested the monthly invoices be sent in the name of J&D Construction.

The monthly invoices and delivery tickets were introduced into evidence. While some of the delivery tickets showed materials sold to "J&D Construction" or "J&D Construction and Doug Allen," all of the monthly statements sent by the lumber company showed the sales were made to "Doug Allen."

As we view the evidence presented at trial, this is a classic case involving the credibility of witnesses. As to these witnesses, the trial judge was in a better position than this court to assess credibility. *Harmon v. Bank of Danville*, 287 S.C. 449, 339 S.E. (2d) 150 (Ct. App. 1985). In an action at law, on appeal of a case tried without a jury, the findings of fact of the trial judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings. *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E. (2d) 773 (1976).

The trial judge found Allen had entered into a contractual relationship with the lumber company "whereby he agreed to be personally responsible for the payment of any and all materials ordered on his behalf to be used on his personal home, his son's home, or other jobs in which [Allen] had an interest." While some of Allen's evidence conflicts with the court's findings and could support a contrary finding, we think the evidence reasonably supports the trial court's findings.

Allen next argues the trial judge erred in finding the consideration for his personal obligation on the debt was the lumber company's forbearance from filing a mechanic's lien. We think this finding related primarily to the court's holding that Allen guaranteed payment of the account. Because we agree with Allen the case was tried on the theory of a first-party contract between Allen and the lumber company, not a guarantee of the debt by Allen, this finding is erroneous albeit not prejudicial. Clearly, the consideration for Allen's promise to pay for the materials was the furnishing of the material to Allen personally and to a corporation of which

he owned a fifty percent interest.[1] Valuable consideration to support a contract may consist of some right, interest, profit or benefit accruing to one party or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other. *McPeters v. Yeargin Constr. Co., Inc.*, 290 S.C. 327, 350 S.E. (2d) 208 (Ct. App. 1986).

Allen next asserts error in the trial court's assessment of compounded interest at the rate of one and one-half percent per month on the unpaid balance. We agree. *S.C. Code Ann.* Section 34-31-20(A) (Rev. 1987) provides:

> In all cases of accounts stated and in all cases wherein any sum or sums of money shall be ascertained and, being due, shall draw interest according to the law, the legal interest shall be at the rate of eight and three-fourths percent per annum.

The statutory interest rate on accounts stated as prescribed by the above quoted section is applicable only in the absence of a written agreement between the parties establishing a different rate of interest. *See Turner Coleman, Inc. v. Ohio Constr. and Engineering, Inc.*, 272 S.C. 289, 251 S.E. (2d) 738 (1979). Unlike the situation in *Burnett Dubose Co., Inc. v. Starnes*, 284 S.C. 196, 324 S.E. (2d) 651 (Ct. App. 1984), the invoices here were not signed by Allen and thus could not constitute his written agreement to pay the higher rate of one and one-half percent per month on the balance due.[2]

We, thus, reverse the order of the trial judge regarding the interest award and remand for entry of judgment in accordance with *S.C. Code Ann.* Section 34-31-20(A) (Rev. 1976).

Accordingly, the order of the trial court is affirmed in part, reversed in part, and remanded for entry of judgment consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

SHAW and BELL, JJ., concur.

---

[1] Allen also claims error in the court's finding he received the full benefit and value of the material furnished. His argument is that John Tilton, a fifty percent owner of J&D Construction, and the construction company benefited also. The fact Allen did not receive the sole benefit from the furnishing of the materials affords no defense to the lumber company's claim.

[2] There is no evidence the monthly statement itself was intended to constitute a contract between the parties for the payment of interest.