2046

ENGLERT, INC., Respondent v. The NETHERLANDS INSURANCE COMPANY, Appellant.

(433 S.E. (2d) 871)

Court of Appeals

*Karl L. Kenyon* and *Robert P. Lusk, Kenyon & Lusk,* Anderson, *for appellant.*

*Daniel T. Brailsford* and *J. Kershaw Spong, Robinson, McFadden & Moore,* Columbia, *for respondent.*

Submitted Apr. 12, 1993.

Filed June 2, 1993.

*Per Curiam:*

We decide this case without oral argument, because oral argument would not aid the Court in resolving the issues. We affirm.

Since this case was decided by way of summary judgment, the trial judge had to view all facts and reasonable inferences in the light most favorable to the appellant. On appeal, this Court must take the same view of the evidence. Neither the trial court nor this Court, however, is "required to single out some one morsel of evidence . . . to create an issue of fact that is not genuine." *Main v. Corley,* 281 S.C. 525, 527, 316 S.E. (2d) 406, 407 (1984). In addition, affidavits in opposition to summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Rule 56(e), SCRCP.

The appellant defended the claim for payment on two grounds: defective materials and failure to provide a warranty conforming with the job specifications.

As to the defense of defective materials, the appellant's affidavit asserts the materials had been "rejected by the school district due to *alleged* defects." (Emphasis added.) Nowhere does the affidavit assert that the affiant knows or believes the materials were defective, or the basis for any such belief or knowledge. The only admissible fact appearing in this statement is that the school district believes or alleges the materials are defective. To the extent that the appellant relies on this statement to prove the existence of a defect, it clearly is inadmissible hearsay.

The appellant repeatedly states that the respondent has not denied the allegation of defective materials. This argument is misplaced for at least two reasons:

1. The allegation of a defect in response to the claim for payment is clearly an affirmative defense under Rule 8(c), SCRCP. The appellant, therefore, bears the burden of proof. The respondent has no need to disprove the allegation unless and until the appellant presents prima facie evidence of a defect. The affidavit is insufficient to do so.

2. The allegation of a defect is asserted as a defense only, and not as a counterclaim. Thus, the respondent is not required to deny it, because it is deemed denied under the Rules of Civil Procedure. See Rules 7(a), 8(c), and 8(d), SCRCP.

In addition, the appellant never argued to the trial judge that the respondent's failure to deny the existence of the alleged defect somehow impacted on the issues raised by the summary judgment motion. The trial judge did not rule on it; and the appellant did not file a posttrial motion to obtain a ruling. Thus, the issue is not preserved for appeal.

As to the warranty issue, the respondent's affidavit asserts that it merely supplied materials requested by a subcontractor in a telephone order, and that it had no knowledge of the job specifications and was never requested to review these specifications.[1] The appellant relies solely on

---

[1] The respondent provided a limited written warranty which specifically and conspicuously excluded all other warranties, express or implied, including any implied warranty of merchantability and any warranty of fitness for a particular purpose.

its affidavit that the respondent knew its warranty must conform to the job specifications.[2]

We first note that the trial judge characterized this warrant/specifications issue as being based on allegations by the school district. The appellant does not challenge this characterization, thereby making it the law of this case. Thus, this "evidence" suffers from the same hearsay problems as does the evidence of defective materials.

In addition, the trial judge held that the appellant's failure to make the job specifications part of the record precluded *any reference* to the specifications under the Best Evidence Rule. On appeal, the appellant does not challenge or even mention this ruling specifically. Thus, it is the law of this case.

The only argument even approaching this Best Evidence issue is the assertion that: "The general contractor certainly is competent to testify on the content of the specifications for the job." As we read the appealed order, the trial judge held that any reference to the specifications (competent or otherwise), absent their presence in the record, violated the Best Evidence Rule. The appellant's failure to challenge this ruling makes it the law of this case (right or wrong). Moreover, the affiant's status as vice-president of the general contractor, standing alone, does not make him competent to testify on the specifications. He still must have personal knowledge of the specifications before his testimony is admissible, and the affidavit does not demonstrate any such personal knowledge.

Finally, although not mentioned by the trial judge, we not the following additional defects in the appellant's affidavit:

1. It never asserts that the vice-president was personally familiar with the specifications for this construction project.
2. It never asserts that the vice-president was personally familiar with the products used to build the roof, or that he had inspected or even seen the roof as built.

---

[2] In a single sentence, the appellant argues the failure to give a warranty conforming with the job specifications resulted in a failure of consideration. This one-sentence argument is too conclusory to present any issue on appeal. Moreover, the appellant did not make this argument to the trial judge; he did not rule on it; and the appellant did not make a posttrial motion requesting a ruling. Thus, this issue is not preserved for appeal.

3. It never asserts that the vice-president was competent to give an opinion on whether the roof as built or its components did not conform to the project specifications.
4. It never specifies how the roof did not conform with the project specifications, or even which specifications it did not conform with. In particular, it never specifies whether the failure to conform resulted from problems with the materials, the construction of the roofing panels from the materials, the installation of the roofing panels, or some combination thereof.[3]
5. Assuming the affidavit sufficiently asserts that the respondent knew its warranty must conform to the project specifications, it never asserts how, when, or from whom the respondent came to know this.[4] More importantly, it never asserts that the respondent agreed to provide such a warranty.
6. It never specifies how the materials delivered by the respondent are defective. The only inference of a defect is the alleged failure of the materials/warranty to conform with the alleged but unexplained project specifications.

The foregoing defects are an additional reason appearing in the record to affirm the appealed order. See Rule 220(c), SCACR.

In *Main, supra,* the buyer sued the seller for specific performance of a real estate contract. The trial judge granted summary judgment to the buyer. In affirming, our Supreme Court noted that the only evidence introduced by the seller was the testimony of her husband that the signature on the contract was not hers. In concluded that an affidavit from the seller herself, denying the signature, was necessary to create a genuine issue of fact.

In our view, the husband's testimony reflected by the Supreme Court in *Main* is far more compelling than the evi-

---

[3] It is clear from the record that the respondent merely supplied materials to the subcontractor. The subcontractor used the materials to construct the roofing panels and installed them. The respondent had nothing to do with the construction or installation of the roofing panels.

[4] The appellant presented no evidence form the subcontractor that it informed the respondent of the warranty requirements at the time of ordering the materials. The appellant's affidavit could be read to state that the respondent come to know of this matter from post-delivery conversations with the general contractor. The same is true of the appellant's arguments on appeal.

dence presented by the appellant's affidavit in the present case. Assuming some tortured reading of the appellant's affidavit could produce any inference of a factual issue, it clearly fails the "morsel" test of *Main.*

Finally, the appellant argues the trial judge erred in awarding 18% interest on the judgment. The respondent concedes this was error and requests this Court to modify the judgment to provide for prejudgment interest at the legal rate of eight and three-quarters percent pursuant to S.C. Code Ann. § 34-31-20(A) (1987). The appellant does not reply to this request.

Since the debt involved in this appeal clearly is a liquidated one, and since there is no dispute regarding the amount or the date it is due and payable, we modify the judgment to include prejudgment interest at the legal rate of eight and three-quarters percent. See Rule 220(a), SCACR (the appellant courts may modify an appealed decision); see also *J.C. White Lumber Co., Inc. v. Allen,* 306 S.C. 183, 410 S.E. (2d) 588 (Ct. App. 1991) (reversing the award of 18% based on an unsigned invoice and remanding for the entry of judgment in accordance with § 34-31-20(A)).

For all of the foregoing reasons, the appealed order is affirmed as modified.

Affirmed as modified.

