PER CURIAM: This is an appeal from the grant of summary judgment in favor 
of the respondent Mercury Finance Company against t

THIS OPINION HAS NO 
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY 
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Donald C. Bedford, Appellant,
v.
Mercury Finance Company of South Carolina and Travelers Rest Cars-Trucks,
LLC, Defendants,
Of Whom Mercury Finance Company of South Carolina is the
Respondent.
 
 
 

Appeal From Greenville County
 Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2004-UP-582
Submitted November 1, 2004  Filed November 
 17, 2004

AFFIRMED

 
 
 
Michael Stephen Chambers, of Greenville, for Appellant.
A.M. Quattlebaum, Jr. and Peter G. Siachos, both of Greenville, 
 for Respondent.
 
 
 

PER CURIAM:  This is an appeal from the grant of summary judgment in 
 favor of the respondent Mercury Finance Company against the appellant Donald 
 C. Bedford.  We affirm. [1] 
Bedford purchased a 1997 Chevrolet pickup truck on September 14, 2000, from 
 the defendant Travelers Rest Cars-Trucks, LLC.  On March 16, 2001, Bedfords 
 attorney wrote Mercury Finance a letter advising that Bedford rescinds the 
 transaction and will retain possession of the auto [sic] as security 
 for the return of . . . payments that Bedford had made on the vehicle.  Mercury 
 Finance repossessed the truck on May 4, 2001.  
This action ensued with Bedfords complaint alleging causes of action for conversion, 
 violation of the Federal Truth-in-Lending Act, violation of the South Carolina 
 Consumer Protection Code, fraud, rescission, violation of the Unfair Trade Practices 
 Act, and violation of the Regulation of Manufacturers, Distributors, and Dealers 
 Act.  
According to Bedfords brief, [t]he gravamen of [his] claim is that he was 
 not made aware of the monthly payments required under the transactions and 
 [t]his is the direct result of the failure to provide [him] with a copy of 
 the required disclosures.  This [f]ailure, he says, constitutes a material 
 misrepresentation and inducement by unconscionable conduct, warranting revocation 
 of acceptance.  
The trial court granted summary judgment to Mercury Finance on all causes of 
 action.  It found that Mercury Finance provided Bedford with all disclosure 
 forms required by the Federal Truth-in-Lending Act, 15 U.S.C.A. §§ 1601 et 
 seq. (1998) [hereinafter, the Act].  
The grant of summary judgment came after Mercury Finance had served Bedford 
 on June 19, 2001, with interrogatories, requests for production of documents, 
 and requests for admissions, and moved on February 4, 2002 to compel Bedford 
 to answer its interrogatories and respond to its requests for production of 
 documents that Bedford had ignored.  The trial court had granted Mercury Finances 
 motion to compel, ordering Bedford to answer all outstanding discovery requests 
 within ten days or by March 31, 2002.  Notwithstanding the fact that 
 almost ten months had passed since Mercury Finance had served its discovery 
 upon Bedford, he had waited until April 4, 2002, to respond to Mercury Finances 
 requests for admission, missing the court-imposed deadline by four days.  
When reviewing the grant of summary judgment by a trial court, the court of 
 appeals will apply the same standard used by the trial court under Rule 56(c), 
 SCRCP, in considering it.  That is, summary judgment will be held proper when 
 there is no genuine issue as to any material fact and the moving party is entitled 
 to judgment as a matter of law.  Baril v. Aiken Regl Med. Ctrs., 352 
 S.C. 271, 279-80, 573 S.E.2d 830, 835 (Ct. App. 2002).  Furthermore, [w]hen 
 a plaintiff is faced with a defendants motion for summary judgment that is 
 supported by evidence, the plaintiff cannot defeat the motion by relying upon 
 the mere allegations of his complaint, but must disclose the facts he intends 
 to rely on by affidavit or other proof.  Shupe v. Settle, 315 S.C. 510, 
 516, 445 S.E.2d 651, 655 (Ct. App. 1994).  The facts presented and all reasonable 
 inferences that may be drawn from them must be viewed in the light most favorable 
 to the nonmoving party.  Englert, Inc. v. Netherlands Ins. Co., 315 S.C. 
 300, 302, 433 S.E.2d 871, 873 (Ct. App. 1993). 
Under the Act, the term material disclosures means, among other things, the 
 disclosure, as required by this subchapter [15 U.S.C.A. §§ 1601 et seq. 
 (1998)], of . . . the total of payments, the number of and amount of payments, 
 . . . to repay the indebtedness.  15 U.S.C.A. § 1602(u) (1998).
We agree with the trial court that no genuine issue of material fact exists 
 regarding whether Bedford was provided with a disclosure form that told him 
 of the amount of the monthly payments that the transaction in question required 
 him to make.  The record contains a document entitled RETAIL INSTALLMENT CONTRACTAUTO 
 (including Truth in Lending Disclosures) SOUTH CAROLINA.  The document includes 
 a box whose heading reads, TRUTH IN LENDING DISCLOSURES. Within the box are 
 smaller ones that disclose, among other things, the total of payments, the number 
 of payments, and the amount of payments required to repay the indebtedness. [2]   A signature, that Bedford conceded at his deposition resembled 
 his own and at no time challenged, appears below a statement that reads, Buyer 
 hereby acknowledges receipt of an exact and completely filled in copy of this 
 contract at the time of its execution.    
Moreover, Bedford is deemed under Rule 36(a), SCRCP, to have admitted he signed 
 the Retail Installment Contract after he failed to respond timely to Mercury 
 Finances requests for admission, particularly the statements [t]hat [Bedford] 
 signed the Retail Installment Contract and [t]hat the Retail Installment Contract 
 . . . contains all the disclosures required by law.  Even if the trial courts 
 order compelling discovery is viewed as allowing Bedford an additional ten days 
 to respond to Mercury Finances request for admission, Bedford failed to meet 
 that deadline as well. [3]   Under 
 Rule 36(b), SCRCP, the admitted matters were deemed conclusively established 
 since Bedford never asked to withdraw or amend his admissions and the trial 
 court never allowed him to do so. 
 [4] 
Because we hold 
 the trial court did not err in granting summary judgment to Mercury Finance 
 on the issue of whether it provided Bedford with a proper truth-in-lending document, 
 we need not address the question of whether Bedford lawfully revoked his acceptance 
 of the pickup under the Uniform Commercial Code, S.C. Code Ann. § 36-2-608 (2003).
AFFIRMED.
HEARN, C.J., GOOLSBY and WILLIAMS, JJ. concur

 
 
 [1]   This case is decided without oral argument pursuant to Rule 215, 
 SCACR.

 
 
 [2]    The monthly payments were listed as being $358.86.  He admitted 
 during his deposition that he made five or six payments of approximately $360 
 a month. 

 
 
 [3]   The trial courts order regarding discovery came in response to 
 a motion by Mercury Finance to compel Bedford to answer its interrogatories 
 and respond to its requests for production of documents.  The trial court 
 gave Bedford 10 days to fully answer all outstanding discovery requests.  
 

 
 
 [4]    The trial court rightly ignored the affidavit Bedford executed 
 in which he swore he was not provided with a Truth in Lending Disclosure 
 Statement and he did not recall signing a Truth in Lending Disclosure Statement.  
 A party cannot create a genuine issue of material fact in an effort to survive 
 a motion for summary judgment by submitting an affidavit that contradicts 
 a conclusively-established admitted fact.  See United States v. 
 Kasuboski, 834 F.2d 1345, 1350 (7th Cir. 1987) (holding affidavits 
 entered into opposition to a motion for summary judgment in an attempt to 
 establish issues of fact could not refute issues of fact established by default 
 admissions); cf. Scott v. Greenville Housing, 353 S.C. 639, 
 646, 579 S.E.2d 151, 155 (Ct. App. 2003) (holding that the tenets of Rule 
 36(a), SCRCP, regard a failure to respond to requests for admission deems 
 the matter contained in the requests as admitted); Hatchell v. Jackson, 
 290 S.C. 256, 258, 349 S.E.2d 407, 408 (Ct. App. 1986) (holding a failure 
 of a party to respond to another partys requests for admission had the effect 
 of deeming each matter regarding which the other party sought an admission 
 to be admitted under Rule 36(a), SCRCP).