THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Chris Salek, Appellant,
 v.
 Nirenblatt, Nirenblatt & Hoffman, L.L.P., d/b/a Townhouse Village Apartments, Respondent.
 
 
 

Appeal From Charleston County
 Thomas L. Hughston, Jr., Circuit Court Judge

Unpublished Opinion No. 2011-UP-326
Submitted June 1, 2011  Filed June 27, 2011   

AFFIRMED

 
 
 
 John Patrick Hayes, of Charleston, for Appellant.
 Graham Pollock Powell, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Chris Salek filed suit against his landlord, Nirenblatt, Nirenblatt & Hoffman, L.L.P., d/b/a Townhouse Village Apartments (NNH),
 after falling inside his townhome and sustaining injuries.  The circuit court granted summary judgment in favor of NNH.  Salek appeals, arguing
the circuit court erred in finding 1) no genuine issue of material fact existed, 2) no evidence existed that NNH had notice of problems with the handrail
bracket in Salek's townhome, and 3) evidence of problems with broken handrail brackets in other townhomes was insufficient to notify NNH of the problem in
Salek's townhome.  For the following reasons, we affirm.[1] 
Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Rule 56(c),
SCRCP.  When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the circuit court under Rule 56(c), SCRCP. 
Englert, Inc. v. Netherlands Ins. Co., 315 S.C. 300, 302, 433 S.E.2d 871, 873 (Ct. App. 1993).  This standard requires all facts and reasonable
inferences to be drawn therefrom to be viewed in the light most favorable to the appellant.  Id.  "Our standard of review in evaluating a
motion for summary judgment is to liberally construe the record in favor of the nonmoving party and give the nonmoving party the benefit of all favorable
inferences that might reasonably be drawn therefrom."  Estes v. Roper Temp. Servs., Inc., 304 S.C. 120, 121, 403 S.E.2d 157, 158 (Ct. App.
1991).  "An appellate court may decide questions of law with no particular deference to the [circuit] court."  In re Campbell, 379
S.C. 593, 599, 666 S.E.2d 908, 911 (2008). 
Salek's Statement of the Issues on Appeal characterizes the dispute over notice as a genuine issue of material fact.  However, our review of the record
and the parties' briefs reveals Salek challenges only the application of the law to undisputed facts.  Consequently, we review the circuit court's decision
to determine whether NNH was entitled to judgment as a matter of law. 
The South Carolina Residential Landlord and Tenant Act[2] (the Act) requires landlords to maintain the premises
they lease.  S.C. Code Ann. § 27-40-440 (2007).  "A landlord shall: (1) comply with the requirements of applicable building and housing codes
materially affecting health and safety[, and] (2) make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable
condition . . . ."  Id.  With limited statutory exceptions, a landlord may not enter a dwelling unit without the tenant's consent. 
S.C. Code Ann. § 27-40-530 (2007). 
Generally, "the tenant may recover actual damages and obtain injunctive relief in a magistrate's or circuit court, without posting bond, for any
noncompliance by the landlord with the rental agreement or § 27-40-440."  S.C. Code Ann. § 27-40-610(b) (2007).  This court has construed the
language of the Act "to reflect the intent of the Legislature to create a cause of action in favor of the tenant and against the landlord for failure,
after notice, to keep in good repair."  Watson v. Sellers, 299 S.C. 426, 436, 385 S.E.2d 369, 374 (Ct. App. 1989).  The Watson
court held (1) the Act was intended for the special benefit of tenants of leased residential premises, "(2) . . . the [Act] explicitly creates a cause
of action in tort for the failure of the landlord to repair a defect in the premises after notice is given as required by the Act[,] and (3) . . . [these
holdings are] consistent with the expressed and underlying purposes of the legislative scheme to create a remedy for residential tenants . . . ."  Id.
at 436-37, 385 S.E.2d at 375 (emphasis added). 

 With regard to notice, the Act states: 
 (A) A person has notice of a fact if:
 
 (1) the person has actual knowledge of it;
 (2) the person has received a notice or notification of it; or
 (3) from all the facts and circumstances known to him at the time in question he has reason to know that it exists.  A person "knows" or
 "has knowledge" of a fact if he has actual knowledge of it.
 (B) A person "notifies" or "gives" a notice or notification to another person by taking steps reasonably calculated to inform the
 other in ordinary course whether or not the other actually comes to know of it.  A person "receives" a notice or notification when:
 (1) it comes to his attention; or
 (2) in the case of the landlord, it is delivered at the place of business of the landlord through which the rental agreement was made or at any place
 held out by the landlord as the place for receipt of the communication . . . .
 

S.C. Code Ann. § 27-40-240 (2007). 
We affirm the circuit court's grant of summary judgment because Salek failed to establish NNH had notice of any defect in the handrail bracket.  Without
notice, NNH owed Salek no duty to repair it.  See Watson, 299 S.C. at 436-37, 385 S.E.2d at 375 (requiring landlord receive notice of defect
in the premises before imposing on him a duty to repair it).  We find Salek's argument that requiring him to notify NNH of a problem with the bracket would
"allow landlords to technically deny notice of a fact they actually have knowledge of through their common maintenance activities" is meritless. 
Two subsections of the notice statute prohibit this practice.  First, "[a] person has notice of a fact if . . . [he] has actual knowledge of it . . .
or . . . from all the facts and circumstances known to him at the time in question he has reason to know that it exists.  A person 'knows' or
'has knowledge' of a fact if he has actual knowledge of it."  § 27-40-240(A)(1) & (3).  Second, "[a] person 'receives' a notice or
notification when . . . it comes to his attention."  § 27-40-240(B)(1).  The plain language of these provisions recognizes any knowledge a
landlord gains through common maintenance activities as notice.
We hold knowledge of broken handrail brackets in other units did not place NNH on notice of a defective handrail bracket in Salek's townhome.  However,
we limit the coverage of this ruling to the facts of this case.  Section 27-40-240(A)(3) provides a person has notice of a fact if "all the
facts and circumstances known to him at the time in question" give him "reason to know that it exists."  NNH's maintenance supervisor
indicated she received two types of complaint about handrail brackets, that they broke in two and that they pulled out of the wall.  She had received both
types of complaint but not in sufficient numbers to recall how many complaints.  Neither Salek nor NNH produced further evidence of the number of handrail
brackets installed or replaced due to failure at the Townhouse Village Apartments.  Accordingly, the facts and circumstances known to NNH in June 2005 did
not give it reason to know a handrail bracket in Salek's townhome was defective.  Because Salek failed to establish NNH had notice of a defect in the
handrail bracket in his townhome, NNH was entitled to judgment as a matter of law.  Consequently, the circuit court did not err in granting summary
judgment in NNH's favor. 
AFFIRMED. 
FEW, C.J., PIEPER and LOCKEMY, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] S.C. Code Ann. §§ 27-40-10 to -940 (2007 & Supp. 2010).