**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

General Air Conditioning Services Corporation, Respondent,

v.

B & B Development of Anderson, LLC; J. A. Bell Construction (a/k/a J.A. Bell Construction, LLC, a/k/a Porter-Bell Construction, LLC, a/k/a Porter Bell Construction), Defendants,

Of Whom B & B Development of Anderson, LLC is the Appellant.

Appellate Case No. 2010-176306

Appeal From Anderson County
J. Cordell Maddox, Jr., Circuit Court Judge

Unpublished Opinion No. 2012-UP-633
Heard November 14, 2012 – Filed November 28, 2012

**REVERSED**

Brian C. Gambrell, of Hamilton & Associates LLC, and Donald R. McCabe Jr. and Stephanie C. Trotter, of McCabe Trotter & Beverly PC, all of Columbia, for Appellant.

Chace D. Campbell, of Chace Campbell PA, of Greenville, for Respondent.

---

**PER CURIAM:** B & B Development of Anderson, LLC appeals the circuit court's grant of summary judgment to General Air Conditioning Services Corporation on General Air's action to enforce a mechanic's lien and collect money claimed for services performed on property owned by B & B. B & B argues the parties' affidavits and pleadings provide sufficient evidence of a factual dispute as to whether General Air provided defective work and materials that caused damage to the roof of its building and entitled B & B to set-offs that would lower or eliminate the amount due to General Air. We reverse.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP. In determining whether a triable issue of fact exists, we "must view all evidence and all inferences that can be reasonably drawn from it in the light most favorable to the non-moving party." *Rawlinson Rd. Homeowners Ass'n, Inc. v. Jackson*, 395 S.C. 25, 32, 716 S.E.2d 337, 341 (Ct. App. 2011). "[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment." *Id.* at 32-33, 716 S.E.2d at 341 (alteration in original) (citation and internal quotation marks omitted).

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Rule 56(e), SCRCP.

Here, the circuit court erred in granting summary judgment to General Air. First, the affidavit of B & B's agent provides a sufficient basis to show it was made on personal knowledge. The affidavit says the affiant was over 18 years old, was competent to testify, handled maintenance of the building, and worked to fix the construction problems. Moreover, the affidavit creates a genuine issue of material fact as to whether General Air's materials caused damage that would offset all or a portion of B & B's obligation to pay the balance of the lien. The affidavit's assertion that the HVAC systems had "leaks" that caused damage to the roof in excess of the debt owed to General Air is sufficient to specify how General Air's materials were defective, without the introduction of expert evidence. *See Englert, Inc. v. Netherlands Ins. Co.*, 315 S.C. 300, 304-05, 433 S.E.2d 871, 874 (Ct. App. 1993) ("[W]e note the following additional defects in the appellant's affidavit: . . . It never specifies how the materials delivered by the respondent are defective. The only inference of a defect is the alleged failure of the materials/warranty to conform with the alleged but unexplained project specifications. The foregoing defects are an additional reason appearing in the record to affirm the appealed order."). Further, Bill Marcie's Proposed Payment Plan does not necessarily support the grant of summary judgment. The proposal indicates B & B knew it had a contractual obligation to General Air, but it does not explicitly express an intention to waive any defenses or claims arising from General Air's defective work. Nor does B & B's initial claim that the damage was caused by defective roof work preclude B & B from currently raising defective HVAC work or materials in defense of General Air's claims. Discovery may have revealed the current claims, and General Air does not raise any due process or rule-based argument against the claims' consideration. Consequently, B & B provided at least one affidavit sufficient to survive summary judgment. *See Jackson*, 395 S.C. at 33-34, 716 S.E.2d at 342 (holding summary judgment was appropriate because the losing party abandoned the initial reasoning underlying its pleadings and failed to provide any affidavits to support the grounds it argued at summary judgment).

**REVERSED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**