**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Capital Bank, N.A., Respondent,

v.

Charles A. Moore a/k/a Charles A. B. Moore, Appellant.

Appellate Case No. 2013-001516

———————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-152
Submitted January 1, 2015 – Filed March 18, 2015

———————

**AFFIRMED**

———————

John R. Cantrell, Jr., of Cantrell Legal, PC, of Goose
Creek, for Appellant.

Robert A. Kerr, Jr., Christopher Tradd Colwell, and
Lesley Anne Firestone, all of Moore & Van Allen,
PLLC, of Charleston, for Respondent.

———————

**PER CURIAM:** Charles A. Moore appeals the trial court's order granting partial summary judgment to Capital Bank, N.A. (Capital Bank) in its collection action against Moore, arguing the trial court erred by (1) basing its ruling on incompetent

and inadmissible evidence and (2) granting summary judgment before Moore had a full and fair opportunity to complete discovery. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issue one, we find the affidavit submitted in support of Capital Bank's summary judgment motion sufficiently demonstrated the affiant's personal knowledge; the trial court did not err in considering the affidavit and its attached exhibits; and this evidence was sufficient to support a grant of partial summary judgment regarding Moore's liability. *See Busillo v. City of N. Charleston*, 404 S.C. 604, 610, 745 S.E.2d 142, 146 (Ct. App. 2013) ("The admission of evidence is within the discretion of the trial court, and the court's decision will not be reversed on appeal absent an abuse of that discretion."); Rule 56(e), SCRCP ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."); *Englert, Inc. v. Netherlands Ins. Co.*, 315 S.C. 300, 304, 433 S.E.2d 871, 874 (Ct. App. 1993) (finding an affiant's status as vice-president of the general contractor alone did not make him competent to testify regarding job specifications where the affidavit did not also demonstrate that he had personal knowledge of the job specifications at issue); *Bank of Am., N.A. v. Draper*, 405 S.C. 214, 219, 746 S.E.2d 478, 480 (Ct. App. 2013) ("When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56(c), SCRCP; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Sides v. Greenville Hosp. Sys.*, 362 S.C. 250, 255, 607 S.E.2d 362, 364 (Ct. App. 2004) ("Once the moving party carries its initial burden, the opposing party must come forward with specific facts that show there is a genuine issue of fact remaining for trial."); *Jackson v. Bermuda Sands, Inc.*, 383 S.C. 11, 17, 677 S.E.2d 612, 616 (Ct. App. 2009) ("[A]ssertions as to liability must be more than mere bald allegations made by the non-moving party in order to create a genuine issue of material fact.").

2. As to issue two, we find the trial court did not abuse its discretion in granting summary judgment prior to the completion of discovery because the record does not demonstrate that further discovery would have contributed to the resolution of the issue of Moore's liability. *See Bayle v. S.C. Dep't of Transp.*, 344 S.C. 115, 128, 542 S.E.2d 736, 742 (Ct. App. 2001) ("The rulings of a trial [court] in matters involving discovery will not be disturbed on appeal absent a clear showing of an

abuse of discretion."); *id.* ("An abuse of discretion occurs when the trial [court's] ruling is based upon an error of law or, when based on factual conclusions, is without evidentiary support."); *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 543 (1991) ("[S]ummary judgment must not be granted until the opposing party has had a full and fair opportunity to complete discovery."); *George v. Empire Fire & Marine Ins. Co.*, 344 S.C. 582, 594, 545 S.E.2d 500, 506 (2001) (stating it is not premature for the trial court to grant summary judgment where the party had a full and fair opportunity to develop the record on an issue but failed to do so); *Bayle*, 344 S.C. at 128-29, 542 S.E.2d at 743 (stating that in considering whether summary judgment was prematurely granted, the court should consider whether the record in the case demonstrates further discovery would have contributed to the resolution of the issues involved); *Baughman,* 306 S.C. at 112, 410 S.E.2d at 544 (stating the person asserting the need for further discovery must demonstrate the likelihood that further discovery will uncover additional relevant evidence).

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.