**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Julia Sibley-Jones, as Personal Representative of the Estate of William A.L. Sibley, Jr.,
Respondent-Appellant,

v.

Decide4Action, Inc., Appellant-Respondent.

Appellate Case No. 2021-001177

———

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

———

Unpublished Opinion No. 2024-UP-253
Heard May 6, 2024 – Filed July 10, 2024

———

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———

Devon Marc Puriefoy, Kimberly Truluck Thomason, and Howard Walton Anderson III, all of Truluck Thomason, LLC, of Greenville, for Appellant-Respondent.

Gregory Jacobs English and James Edward Cox, Jr., both of Wyche Law Firm, of Greenville, for Respondent-Appellant.

———

**PER CURIAM:**  This case stems from Decide4Action, Inc.'s (Decide4Action) purchase of Computer Control + Integration, Inc.  For the reasons set forth below, we affirm the circuit court's rulings excluding Decide4Action's evidence of damages and granting a directed verdict.  We reverse and remand the judgment for the circuit court to include prejudgment interest and determine whether costs are warranted for the cross-appellant, Julia Sibley-Jones.

**Exclusion of Damages**

Decide4Action contends the circuit court abused its discretion when it precluded evidence of damages during Decide4Action's case-in-chief.  That argument is based entirely on the assertion that the circuit court's ruling was too harsh of a discovery sanction.

The two-issue rule prevents Decide4Action's success on this issue.  The circuit court explained there were multiple reasons why it was excluding Decide4Action's evidence of damages.  First, Decide4Action failed to provide a qualified expert for trial.  Second, Decide4Action failed to comply with a consent discovery order, which required Decide4Action to detail its theory of damages.  The argument made to us relates only to the discovery order.  Thus, the two-issue rule applies.  *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 328, 730 S.E.2d 282, 284 (2012) ("Under the two[-]issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become law of the case." (quoting *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010))); *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance.").

Our decision would not change if we reached the merits.  We review evidentiary decisions and discovery rulings for abuse of discretion.  *See R & G Const., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 439, 540 S.E.2d 113, 121 (Ct. App. 2000) ("The court's ruling to admit or exclude evidence will only be reversed if it constitutes an abuse of discretion amounting to an error of law."); *Culbertson v. Clemens*, 322 S.C. 20, 24, 471 S.E.2d 163, 165 (1996) ("A trial court's ruling on sanctions will not be disturbed absent a clear abuse of discretion.").  Decide4Action's CEO's deposition testimony supports the circuit court's ruling that an expert was required to support a claim for damages.  The ruling is also reinforced by reviewing the Patton & Associates valuation, which is lengthy and complicated, and well-supports the finding that expert testimony was necessary.  The circuit court's decision on sanctions is similarly well-supported.  The consent order plainly required additional information beyond what Decide4Action had already provided.

**Directed Verdict**

"When reviewing the trial court's decision on a motion for directed verdict, this court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party." *McKaughan v. Upstate Lung & Critical Care Specialists, P.C.*, 421 S.C. 185, 189, 805 S.E.2d 212, 214 (Ct. App. 2017) (quoting *Burnett v. Family Kingdom, Inc.*, 387 S.C. 183, 188, 691 S.E.2d 170, 173 (Ct. App. 2010)). "This court will reverse the circuit court's ruling on a directed verdict motion only when there is no evidence to support the ruling or when the ruling is controlled by an error of law." *Turner v. Med. Univ. of S.C.*, 430 S.C. 569, 582, 846 S.E.2d 1, 7 (Ct. App. 2020).

The circuit court granted a directed verdict in favor of Sibley-Jones as to all of Decide4Action's counterclaims. That ruling stemmed largely, if not solely, from the fact that Decide4Action was barred from presenting evidence on damages and each of its counterclaims required an element of damages. *See Branche Builders, Inc. v. Coggins*, 386 S.C. 43, 48, 686 S.E.2d 200, 202 (Ct. App. 2009) ("The elements for breach of contract are the existence of the contract, its breach, and the *damages* caused by such breach." (emphasis added)); *Maro v. Lewis*, 389 S.C. 216, 223–24, 697 S.E.2d 684, 688 (Ct. App. 2010) (incorporating the elements for breach of contract into the breach of contract accompanied by a fraudulent act cause of action, thereby requiring damages to prove the claim); *M.B. Kahn Const. Co. v. S.C. Nat'l. Bank of Charleston*, 275 S.C. 381, 384, 271 S.E.2d 414, 415 (1980) (requiring, *inter alia*, evidence of a "consequent and proximate injury" in order to maintain a claim for fraud and deceit based on misrepresentation). We agree with this reasoning. *See Fletcher v. Med. Univ. of S.C.*, 390 S.C. 458, 462, 702 S.E.2d 372, 374 (Ct. App. 2010) ("On review, an appellate court will affirm the granting of a directed verdict in favor of the defendant when there is no evidence on any one element of the alleged cause of action.").

We respectfully disagree with Decide4Action's argument that sufficient evidence of damages was admitted during Sibley-Jones's case, thereby foreclosing a directed verdict ruling. Decide4Action relies on "Plaintiff's Exhibit 10," but testimony of its CEO completely repudiated this exhibit as a damages calculation. Without an expert explaining why paying one-time bonuses to employees negatively affects a company's long-term value, any damages calculation would have been mere speculation or conjecture. *See Collins Ent., Inc. v. White*, 363 S.C. 546, 559, 611 S.E.2d 262, 269 (Ct. App. 2005) ("Generally, in order for damages to be recoverable, the evidence should be such as to enable the court or jury to determine the amount thereof with reasonable certainty or accuracy. *While neither the existence, causation nor amount of damages can be left to conjecture, guess or speculation*, proof with

mathematical certainty of the amount of loss or damage is not required." (emphasis added) (quoting *Whisenant v. James Island Corp.*, 277 S.C. 10, 13, 281 S.E.2d 794, 796 (1981)).  Thus, we agree with the circuit court's directed verdict ruling.  *See Collins Ent., Inc.*, 363 S.C. at 559, 611 S.E.2d at 268 (finding a directed verdict ruling on the ground that the appellants failed to prove damages proper where "the record [was] devoid of evidence from which the jury could [have] calculate[d] damages without resulting to speculation or conjecture").

Decide4Action also argues it was error for the circuit court to grant a directed verdict on its counterclaims because (1) at least for the counterclaims for breach of contract and breach of contract accompanied by a fraudulent act, nominal damages were available if Decide4Action proved its legal rights had been violated and (2) at least for the counterclaim for breach of contract accompanied by a fraudulent act, punitive damages were available.

Any argument regarding nominal damages is not preserved.  During the trial, Decide4Action's counsel argued Decide4Action was being prejudiced by the circuit court excluding all evidence of damages, particularly if "[Decide4Action] [could not] even argue nominal damages."  That was the full extent of Decide4Action's nominal-damages argument, and it is insufficient to preserve the issue for our review.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *id.* ("Moreover, an objection must be sufficiently specific to inform the trial court of the point being urged by the objector.").

As to Decide4Action's punitive-damages argument, an award of punitive damages cannot stand alone; instead, nominal or actual damages are a necessary prerequisite. *McGee v. Bruce Hosp. Sys.*, 344 S.C. 466, 470, 545 S.E.2d 286, 288 (2001) ("The rule in South Carolina is that there must be an award of actual or nominal damages for a verdict of punitive damages to be supported.  *See Cook v. Atlantic Coast Line R.R. Co.*, 183 S.C. 279, 190 S.E. 923 (1937).  This rule is premised on the fact that liability must be established before a plaintiff can seek punitive damages.").  As discussed previously, there is insufficient evidence to prove actual damages, and Decide4Action made no argument for nominal damages to the circuit court. Therefore, an award of punitive damages is not available.

**Prejudgment Interest**

Sibley-Jones asserts the circuit court erred in denying prejudgment interest because (1) prejudgment interest is mandatory by statute; (2) Decide4Action's claims against

payment did not preclude an award of prejudgment interest; and (3) the purchase agreement's lack of a provision regarding prejudgment interest did not preclude an award.

Sibley-Jones met the requirements for prejudgment interest under the applicable statute, which provides: "In all cases of accounts stated and in all cases wherein any sum or sums of money shall be ascertained and, being due, shall draw interest according to law, the legal interest shall be at the rate of eight and three-fourths percent per annum." S.C. Code Ann. § 34-31-20(A) (2020). The escrow account falls squarely within this language. The parties do not dispute the account held $440,000, nor do they dispute that the $440,000 amount was owed to the selling shareholders upon the escrow release date. *See Dixie Bell, Inc. v. Redd*, 376 S.C. 361, 369, 656 S.E.2d 765, 769 (Ct. App. 2007) ("A claim is liquidated if the sum claimed is certain or capable of being reduced to a certainty." (quoting *Dibble v. Sumter Ice & Fuel Co.*, 283 S.C. 278, 287, 322 S.E.2d 674, 679 (Ct. App. 1984))); *id.* at 370–71, 656 S.E.2d at 770 ("Black's Law Dictionary defines liquidated damages as '[a]n amount contractually stipulated' in contrast to unliquidated damages which are '[d]amages that . . . cannot be determined by a fixed formula, so they are left to the discretion of the judge or jury.'" (alterations in original) (quoting Black's Law Dictionary 395–97 (7th ed. 1999))). Accordingly, Sibley-Jones was entitled to prejudgment interest. *See Babb v. Rothrock*, 310 S.C. 350, 353, 426 S.E.2d 789, 791 (1993) ("The law allows prejudgment interest on obligations to pay money from the time when, either by agreement of the parties or operation of law, the payment is demandable, if the sum is certain or capable of being reduced to certainty."); *see also, e.g.*, *Robert E. Lee & Co. v. Comm'n of Pub. Works of City of Greenville*, 248 S.C. 92, 100, 149 S.E.2d 59, 63 (1966) (holding the trial judge erred in not awarding prejudgment interest where the claim was "certain and liquidated").

The circuit court denied interest because of Decide4Action's competing claim over the escrow money and "the lack of [a prejudgment interest] provision in the Escrow Agreement." Decide4Action's claims against the escrow account do not preclude an award of prejudgment interest. *See Butler Contracting, Inc. v. Ct. St., LLC*, 369 S.C. 121, 133, 631 S.E.2d 252, 259 (2006) ("The fact that the amount due is disputed by the opposing party does not render the claim unliquidated for the purposes of an award of prejudgment interest. The proper test for determining whether prejudgment interest may be awarded is whether the measure of recovery, not necessarily the amount of damages, is fixed by conditions existing at the time the claim arose."); *id.* at 133–34, 631 S.E.2d at 259 ("The right of a party to prejudgment interest is not affected by rights of discount or offset claimed by the opposing party. It is the character of the claim and not the defense to it that determines whether prejudgment

interest is allowable.").  Also, the statute does not require the parties to agree to prejudgment interest.  This court has stated, "The statutory interest rate on accounts stated prescribed by [s]ection 34-31-20 is *applicable only in the absence of a written agreement between the parties* fixing a different rate of interest."  *Burnett Dubose Co. v. Starnes*, 284 S.C. 196, 197, 324 S.E.2d 651, 652 (Ct. App. 1984) (emphasis added); *see also Jacobs v. Am. Mut. Fire Ins. Co. of Charleston*, 287 S.C. 541, 543–545, 340 S.E.2d 142, 143–44 (1986) (finding "[t]he [circuit] court correctly applied [section] 34-31-20 as a matter of law" where "[t]he policy contain[ed] no provision as to prejudgment interest or as to when it should begin to run" but the amount due was clearly "'ascertained'" and was found as "'being due' on the date of the loss").

Accordingly, the denial of interest is reversed, and this issue remanded for a proper evaluation and award of prejudgment interest.

**Costs**

Sibley-Jones argues the circuit court erred in declining to award roughly $1000 in costs, respectively requested under Rule 54(e)(2), SCRCP, and S.C. Code Ann. § 15-37-40 (2005).  Rule 54(d) provides, "[C]osts shall be allowed as of course to the prevailing party *unless the court otherwise directs*."  Rule 54(d), SCRCP (emphasis added).  Thus, the plain language of the rule indicates the decision to award costs generally remains within the discretion of the circuit court.  Similarly, our supreme court has stated that sections 15-37-10 and -20 of the South Carolina Code (2005) provide "[a] trial judge [with] broad discretion to award costs to the prevailing party."  *Peterson v. Nat'l R.R. Passenger Corp.*, 365 S.C. 391, 402, 618 S.E.2d 903, 908 (2005).

The circuit court did not give any basis for denying costs in either its oral ruling, form order, or order denying Sibley-Jones's motion to alter or amend.  Failure to exercise discretion constitutes an abuse of discretion.  *See Fontaine v. Peitz*, 291 S.C. 536, 538, 354 S.E.2d 565, 566 (1987) ("When the trial judge is vested with discretion, but his [or her] ruling reveals no discretion was, in fact, exercised, an error of law has occurred."); *Johnson v. Johnson*, 296 S.C. 289, 304, 372 S.E.2d 107, 115 (Ct. App. 1988) ("A decision lacking a discernible reason is arbitrary and constitutes an abuse of discretion.").  We render no decision on whether the requested costs should be awarded and remand to the circuit court for consideration.

Based on the foregoing, the circuit court's order is

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**GEATHERS, HEWITT, and VINSON, JJ., concur.**