0722

Annette Caudle HAYES, Respondent v. PEOPLES FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant.

(344 S. E. (2d) 624)

Court of Appeals

[black redaction bar]

*Hugh L. Willcox* and *Hugh L. Willcox, Jr.,* of *Willcox, Hardee, O'Farrell, McLeod, Buyck & Baker,* Florence, *for appellant.*

*John L. Weaver,* of *Yarborough, Lewis, Weaver & Stewart,* Florence, *for respondent.*

Heard Feb. 26, 1986.

Decided May 27, 1986.

LITTLEJOHN, Acting Judge:

Respondent Annette Caudle Hayes (Mrs. Hayes) sued appellant Peoples Federal Savings and Loan Association (Peoples) for negligently permitting her husband (Mr. Hayes) to make withdrawals from her personal savings account. A jury returned a verdict in favor of Mrs. Hayes for the amount of the withdrawals plus interest. Peoples appeals. We reverse and remand.

Mrs. Hayes had a passbook savings account in her name alone with Peoples. In 1978 a house titled in her name was damaged by fire. The insurance company issued checks totalling approximately Thirty-five Thousand Four Hundred Dollars to her. She then furnished her passbook to her husband who in turn deposited the checks in her savings account at Peoples. Thereafter, allegedly without Mrs. Hayes' permission, Peoples allowed Mr. Hayes to make several withdrawals totalling Thirty-six Thousand Five Hundred Dollars from the account. The withdrawals were accomplished by Peoples' drawing five checks payable to Mrs. Hayes and delivering them to her husband.[1] There-

---

[1] All but one of these withdrawals were made after Mr. Hayes presented Mrs. Hayes' passbook to the bank. The bank officer stated she did not require Mrs. Hayes to come in and sign for the withdrawals because she thought Mr. Hayes was handling the account for his wife. Moreover, she noted that she did not question Mr. Hayes' authority to make withdrawals because when he first brought in the checks for deposit with Mrs. Hayes' valid endorsements, the bank could have cashed them for him and given him the cash without incurring any liability to Mrs. Hayes.

after, Mr. Hayes endorsed his wife's name on the checks and cashed them at other banks.

In December 1978 Mr. Hayes admitted to Mrs. Hayes that he had withdrawn the money from her account. Mrs. Hayes did nothing about the matter until the summer of 1980 at which time she notified Peoples of the unauthorized withdrawals and demanded return of her money to her account. In August 1980 Mrs. Hayes signed affidavits stating that the checks had been fraudulently endorsed by her husband. Thereafter, Peoples began the process authorized by Section 36-4-207, 1976 Code of Laws of South Carolina, to collect the funds from the banks which actually had cashed the checks presented by Mr. Hayes.

In September 1980 Mrs. Hayes executed an acknowledgment prepared by Peoples' attorney in which she stated that she did not contest her husband's "... rights to endorse the checks and to obtain the money." The acknowledgment also recites that "in consideration of the institutions who [sic] cashed these checks over his endorsement, foregoing any further action relating to these checks, I hereby release each of the banks and companies and corporations who [sic] cashed these checks, from any further responsibility in connection therewith." After execution of the acknowledgment Peoples abandoned all efforts to recover pursuant to Code Section 36-4-207, against those banks which paid the checks over the forged endorsements.

The answer, in addition to a general denial, claims that Mrs. Hayes should not recover the amount of the checks because (1) she was contributorily negligent; (2) she was estopped from demanding payment from it because she executed the acknowledgment which deprived it of its collection rights against those banks that cashed the checks; and (3) she unduly delayed bringing this action.

At the end of all of the testimony, counsel for Peoples moved for a directed verdict on several grounds:

(1) [T]hat the contributory negligence of the Plaintiff, which we have pled, is the sole and proximate cause of any loss that she may have sustained by reason of these actions.

(2) [T]hat because of her conduct and her actions she has equitably estopped from proceeding against the

building and loan association, because of these actions and because of the long delay that exists and make it impossible for the Defendant to recover on this loss, and that they had a right to recover at the time this loss was discovered.

(3) [T]hat she had by her actions deprived the Defendant of any possibility of recouping anything by reason of her actions.

(4) [T]hat the Plaintiff in executing the acknowledgment conceded that her husband had authority to endorse her name and get the money and even if we were negligent in giving him the checks she says by the acknowledgment that it was satisfactory and she had therefore waived her right to pursue the defendant.

(5) [B]y executing this acknowledgment she has deprived the defendant of its right against the banks.

(6) [T]he negligence of the banks is the proximate cause of her loss and our giving him—the defendant giving him her checks is a remote cause of any loss that she sustained.

The trial judge denied all motions. Therein, he erred.

Inasmuch as Mrs. Hayes entrusted Mr. Hayes with her passbook and checks endorsed by her for $35,400 to go to Peoples and make a deposit, it was entirely reasonable for Peoples to conclude that he was an authorized person. Certainly, it had no reason to anticipate that her husband would violate the criminal felony law by committing forgeries. For a depositor to send a passbook to a bank or savings and loan association to procure a withdrawal by way of a check made payable to the true owner, especially a spouse, is routine procedure. We hold under the facts of this case that there was no duty on the part of Peoples to foresee a forgery. Such a burden would place upon commerce a restriction which simply should not exist. If it be the law that Peoples is liable under the circumstance of this case, no bank or savings and loan hereafter would be able to follow procedures heretofore deemed entirely appropriate and in keeping with good business practices.

In addition, we think that Peoples was entitled to a directed verdict by reason of the fact that the wife, in September 1980, executed an acknowledgment pre-

pared by the attorney for Peoples in which she stated that she did not contest her husband's "... right to endorse the checks and to obtain the money." She released the banks which had cashed the checks after which Peoples abandoned efforts to recover against those banks which paid the checks over the forged endorsements. We hold that the judge should have granted the motion in favor of Peoples for the reason stated in the second ground of the motion indicated above.

The real cause of this law suit is not that which the husband did at Peoples. The husband and wife are now separated, if not divorced; and accordingly, the wife would now play a different tune. She waited five years to commence this action.

We hold that the only reasonable inference to be drawn from the whole of the evidence is that Peoples was not negligent, that Mrs. Hayes was negligent and that her negligence was the proximate cause of the loss as between her and Peoples. We also hold that Mrs. Hayes should, as a matter of law, be estopped to claim in this action. By her own testimony, she states that she signed the release "... because I didn't want Mr. Hayes to go to jail." This was before the marital romance blew up.

The case is reversed and remanded for the purpose of entry of judgment in favor of the defendant.

Reversed and remanded.

GOOLSBY, J., concurs.

CURETON, J., concurs in a separate opinion.

CURETON, Judge (concurring):

I concur in the result reached by the majority, but strongly disagree with the majority's conclusion that the practices followed by the bank are in keeping with good business practices. I fail to see how presenting the husband with a check made payable to the wife on the one occasion when he did not even furnish the bank with the wife's passbook is either routine procedure or constitutes a good business practice. Nevertheless, I agree that the wife should be equitably estopped from proceeding against the bank because she executed the release, and also because of her delay in bringing the instant action.