THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE
 STATE OF SOUTH CAROLINA
In
 The Court of Appeals
In the Matter of the Care and Treatment of Orlando Williams, Respondent.

Appeal
 From Charleston County
  R.
 Markley Dennis, Jr., Circuit Court Judge

Unpublished
 Opinion No. 2012-UP-026   
 Heard
 December 7, 2011  Filed January 25, 2012

AFFIRMED

 
 
 
 Attorney
 General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant
 Deputy Attorney General Deborah R.J. Shupe, and Assistant Attorney General
 William M. Blitch, Jr. all of Columbia, for Appellant.
 Appellate
 Defender LaNelle Cantey DuRant and Appellate Defender Dayne C. Phillips, both of
 Columbia; and Gordon Wade Cooper, of Mount Pleasant, for Respondent.
 
 
 

PER
 CURIAM: The
 State appeals the circuit court's grant of summary judgment in favor of Orlando
 Williams as to whether he is a sexually violent predator, as defined in section
 44-48-30(1) of the South Carolina Code (Supp. 2008).  We affirm pursuant to
 Rule 220(b)(1), SCACR, and the following authorities: S.C.
 Code Ann. § 44-48-100(A) (Supp. 2008) (requiring the State to establish beyond
 a reasonable doubt that a person is a sexually violent predator); Hancock v.
 Mid-South Mgmt. Co., 381 S.C. 326, 330, 673 S.E.2d 801, 802-03 (2009) ("This
 Court . . . has consistently held that where the federal standard applies or
 where a heightened burden of proof is required, there must be more than a
 scintilla of evidence in order to defeat a motion for summary judgment."); SSI Med. Servs., Inc., v. Cox, 301 S.C. 493, 497, 392 S.E.2d 789, 792
 (1990) (stating in a summary judgment motion, "[t]he adverse party's
 response, including affidavits or as otherwise provided by the rule, must set
 forth specific facts showing there is a genuine issue for trial"); Nelson
 v. Piggly Wiggly Central, Inc., 390 S.C. 382, 390, 701 S.E.2d 776, 780 (Ct.
 App. 2010) (stating a non-moving party may not rely on speculation to defeat a
 motion for summary judgment); Baughman v. AT&T, 306 S.C.
 101, 116, 410 S.E.2d 543, 545-46 (1991) ("'[T]he plain language of
 Rule 56(c)[, SCRCP,] mandates the entry of summary judgment, after adequate
 time for discovery and upon motion, against a party who fails to make a showing
 sufficient to establish the existence of an
 element essential to the party's case, and on which that party will bear the
 burden of proof at trial.'" (first alteration by court) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986))).
AFFIRMED.
FEW,
 C.J., and THOMAS and KONDUROS, JJ., concur.