**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas Culp, Appellant,

v.

Volanda Michelle Davis, Respondent.

Appellate Case No. 2011-190466

Appeal From York County
S. Jackson Kimball, III, Special Circuit Court Judge

Unpublished Opinion No. 2012-UP-509
Submitted July 2, 2012 – Filed September 5, 2012

**AFFIRMED**

E. Stacy Lewis and Bryan N. Sanchez, both of Lewis
Law Firm, LLC, of Rock Hill, for Appellant.

Michael T. Coulter and W. Todd Nichols, both of
Clarkson, Walsh, Terrell, & Coulter, PA, of Greenville,
for Respondent.

**PER CURIAM:** Thomas Culp appeals the circuit court's order granting summary judgment in favor of Volanda Michelle Davis, arguing a genuine issue of material

fact exists as to Davis's negligence.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  *Nelson v. Piggly Wiggly Cent., Inc.*, 390 S.C. 382, 387-88, 701 S.E.2d 776, 779 (Ct. App. 2010) ("When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the circuit court under Rule 56(c), SCRCP."); *Bloom v. Ravoira*, 339 S.C. 417, 421, 529 S.E.2d 710, 712 (2000) ("Summary judgment is warranted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." (citing Rule 56(c), SCRCP)); *Nelson*, 390 S.C. at 388, 701 S.E.2d at 779 ("This standard requires all facts and reasonable inferences to be drawn therefrom to be viewed in the light most favorable to the [non-moving party]."); *id*. at 389, 701 S.E.2d at 779 ("A plaintiff seeking damages for personal injuries incurred due to a defendant's negligent acts or omissions must prove *each element* of his cause of action by a preponderance of the evidence.  When the burden of proof is by a preponderance of the evidence, a non-moving party need only present a scintilla of evidence to withstand a motion for summary judgment." (emphasis added)); *Fettler v. Gentner*, 396 S.C. 461, 466-67, 722 S.E.2d 26, 29 (Ct. App. 2012) ("A plaintiff, to establish a cause of action for negligence, must prove the following four elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; (3) resulting in damages to the plaintiff; and (4) damages proximately resulted from the breach of duty." (citations and quotation marks omitted)).

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.