**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of the Estate of Reba P. Hinson,

Mell Woods, Appellant,

v.

Robert H. Breakfield, as Personal Representative of the
Estate of Reba P. Hinson, Respondent.

Appellate Case No. 2011-191876

―――――――――

Appeal From Chester County
Brooks P. Goldsmith, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2013-UP-257
Submitted May 1, 2013 – Filed June 19, 2013

―――――――――

**AFFIRMED**

―――――――――

Mell Woods, of Lancaster, pro se.

B. Michael Brackett, of Moses & Brackett, PC, of
Columbia, for Respondent.

―――――――――

**PER CURIAM:** Mell Woods appeals (1) the circuit court's order granting
summary judgment in favor of Robert H. Breakfield on Woods's nuisance claim

and (2) the circuit court's denial of Woods's motion to amend his complaint to add a party.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court properly granted Breakfield's motion for summary judgment:[2] *S. Glass & Plastics Co., Inc. v. Kemper*, 399 S.C. 483, 490, 732 S.E.2d 205, 208-09 (Ct. App. 2012) ("When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56(c), SCRCP; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Hancock v. Mid-S. Mgmt. Co., Inc.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) (holding when the underlying action is proved with a preponderance of the evidence, "the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment"); *Kemper*, 399 S.C. at 490, 732 S.E.2d at 209 ("In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party."); *Nelson v. Piggly Wiggly Cent., Inc.*, 390 S.C. 382, 389, 701 S.E.2d 776, 779 (Ct. App. 2010) ("As Rule 56(e), SCRCP, states, a party 'may not rest upon the mere allegations or denials of his pleading[s].'"); *id.* at 388, 701 S.E.2d at 779 ("A court considering summary judgment neither makes factual determinations nor considers the merits of competing testimony; however, summary judgment is completely appropriate when a properly supported motion sets forth facts that remain undisputed or are contested in a deficient manner.").

2. As to whether the circuit court properly denied Woods's motion to add a party: *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case."); *Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 653-54 (2006) (finding the plaintiff "only [appealed] the issue of whether an evidentiary hearing was required, not her dismissal from the case"; therefore, the unappealed ruling was the law of the case and required affirmance).

**AFFIRMED.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Woods did not challenge the circuit court's determination that Breakfield is entitled to judgment as a matter of law.

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**