**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mell Woods, Appellant,

v.

John D. Hinson, Christine E. Jones, John C. Hinson, Kathy Huffstickle, Robert H. Hinson, Darrell W. Hinson, Charles J. Hinson, William L. Hinson, Elaine H. Hensley, William C. Hinson, Jr., John Does, (1-5), Jane Does, (1-2), Respondents.

Appellate Case No. 2012-212429

———————————

Appeal From Chester County
Brooks P. Goldsmith, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-158
Submitted February 1, 2014 – Filed April 2, 2014

———————————

**AFFIRMED**

———————————

Mell Woods, of Lancaster, pro se.

B. Michael Brackett, of Moses & Brackett, PC, of Columbia, for Respondents.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *S. Glass & Plastics Co. v. Kemper*, 399 S.C. 483, 490, 732 S.E.2d 205, 208-09 (Ct. App. 2012) ("When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56(c), SCRCP; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Hancock v. Mid-S. Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) (holding when the underlying action is proved by a preponderance of the evidence, "the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment"); *S. Glass & Plastics Co.*, 399 S.C. at 490, 732 S.E.2d at 209 ("In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party."); *Nelson v. Piggly Wiggly Cent., Inc.*, 390 S.C. 382, 389, 701 S.E.2d 776, 779 (Ct. App. 2010) ("As Rule 56(e), SCRCP, states, a party may not rest upon the mere allegations or denials of his pleading[s]." (alteration in original) (internal quotation marks omitted)); *Shupe v. Settle*, 315 S.C. 510, 516-17, 445 S.E.2d 651, 655 (Ct. App. 1994) ("A conclusory statement as to the ultimate issue in a case is not sufficient to create a genuine issue of fact for purposes of resisting summary judgment."); *Kase v. Ebert*, 392 S.C. 57, 61, 707 S.E.2d 456, 458 (Ct. App. 2011) ("To survive a summary judgment motion by the defendant in a lawsuit, . . . the plaintiff must offer some evidence that a genuine issue of material fact exists for each element of the claim at issue except for those elements that are either uncontested or agreed to by stipulation.").

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.