**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

First Citizens Bank and Trust Company, Inc.,
Respondent,

v.

Charles T. Brooks, III, and the South Carolina
Department of Revenue, Defendants,

Of Whom Charles T. Brooks, III, is the Appellant.

Appellate Case No. 2013-000255

Appeal From Sumter County
Richard L. Booth, Master-in-Equity

Unpublished Opinion No. 2014-UP-241
Submitted May 1, 2014 – Filed June 25, 2014

**AFFIRMED**

Andrew Sims Radeker, of Harrison & Radeker, P.A., of
Columbia, for Appellant.

Damon Christian Wlodarczyk, of Riley Pope & Laney,
LLC, of Columbia, for Respondent.

**PER CURIAM:**  Charles T. Brooks, III, appeals the Master-in-Equity's (master's) grant of partial summary judgment in favor of First Citizens Bank and Trust Company (First Citizens).  On appeal, Brooks argues the master erred in making various factual findings in its order.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the master erred in "making a factual finding that 'the forbearance agreement also provided for ongoing payment of the monthly payments due under the Note and Line of Credit[,]' in addition to the payments called for under the language of the forbearance agreement, where ambiguity in the document (particularly when coupled with the parties' course of dealing) created an issue of material fact":  *Cowburn v. Leventis*, 366 S.C. 20, 41, 619 S.E.2d 437, 449 (Ct. App. 2005) ("In order for an issue to be preserved for appellate review, with few exceptions, it must be raised and ruled upon by the trial [court]."); *In re Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) ("When a party receives an order that grants certain relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal.").

2.  As to whether the master erred in "making a factual finding that '[t]he forbearance agreement contained a term that stated that acceptance of monies under the agreement was not an estoppel, prejudice[,] or waiver of [First Citizens]'s right to proceed with the foreclosure action' without also making findings as to other language in the documents at issue that makes that term ambiguous": *Cowburn*, 366 S.C. at 41, 619 S.E.2d at 449 ("In order for an issue to be preserved for appellate review, with few exceptions, it must be raised and ruled upon by the trial [court]."); *id.* ("When a trial court makes a general ruling on an issue, but does not address the specific argument raised by a party, that party must make a Rule 59(e)[,SCRCP,] motion asking the trial court to rule on the issue in order to preserve it for appeal.").

3.  As to whether the master erred in "making a factual finding that '[Brooks] breached the terms of the forbearance agreement by failing to withdraw his [a]nswer in this matter' when the record showed at least an issue of fact about that and, in any event, the matters in dispute arose well after the answer was served": *S. Glass & Plastics Co. v. Kemper*, 399 S.C. 483, 490, 732 S.E.2d 205, 208-09 (Ct. App. 2012) ("When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56(c), SCRCP; summary judgment is proper when there is no genuine issue as to any material fact

and the moving party is entitled to judgment as a matter of law."); *Hancock v. Mid-S. Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) (holding when the underlying action requires proof by a preponderance of the evidence, "the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment"); *S. Glass & Plastics Co.*, 399 S.C. at 490, 732 S.E.2d at 209 ("In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party."); *Nelson v. Piggly Wiggly Cent., Inc.*, 390 S.C. 382, 389, 701 S.E.2d 776, 779 (Ct. App. 2010) ("As Rule 56(e), SCRCP, states, a party may not rest upon the mere allegations or denials of his pleading[s]." (alteration in original) (internal quotation marks omitted)).

**AFFIRMED.**[1]

**HUFF, THOMAS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.