**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lallie Qualls, Appellant,

v.

Burlington Coat Factory of South Carolina, LLC, and Burlington Coat Factory Direct Corp., Respondents.

Appellate Case No. 2017-002433

Appeal From Richland County
George M. McFaddin, Jr., Circuit Court Judge

Unpublished Opinion No. 2021-UP-250
Submitted November 27, 2019 – Filed June 30, 2021

**AFFIRMED**

Robert Fredrick Goings and Jessica Lee Gooding, both of Goings Law Firm, LLC, of Columbia, for Appellant.

Nicholas Daniel Mermiges and Jaime Lee McSweeney, both of Law Offices of Nick Mermiges, LLC, of Columbia, for Respondents.

**PER CURIAM:** Lallie Qualls appeals the trial court's order granting summary judgment to Burlington Coat Factory of South Carolina, LLC, and Burlington Coat

Factory Direct Corporation (collectively, Burlington) on her negligence claim arising from a slip-and-fall accident. We affirm.

We hold the trial court did not err in granting Burlington's motion for summary judgment. We disagree with Qualls's argument she presented the necessary "mere scintilla" of evidence that Burlington possessed actual or constructive notice of a hazardous condition on its premises yet failed to take appropriate action to prevent Ms. Qualls's injuries. We also disagree with Qualls's argument the court misapplied the summary judgment standard by improperly viewing the evidence and resolving disputed factual issues. *See USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) ("When reviewing the grant of a summary judgment motion, appellate courts apply the same standard that governs the trial court under Rule 56(c)[of the South Carolina Rules of Civil Procedure (SCRCP)], which provides that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Wilson v. Style Crest Prods., Inc.*, 367 S.C. 653, 656, 627 S.E.2d 733, 735 (2006) ("In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the non-moving party."); *id.* ("Even when there is no dispute as to the evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should be denied."); *Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) ("[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment."); *Sims v. Amisub of S.C., Inc.*, 408 S.C. 202, 208, 758 S.E.2d 187, 190-91 (Ct. App. 2014) ("Once the moving party carries its initial burden, the opposing party must come forward with specific facts that show there is a genuine issue of fact remaining for trial." (quoting *Sides v. Greenville Hosp. Sys.*, 362 S.C. 250, 255, 607 S.E.2d 362, 364 (Ct. App. 2004))); *Eadie v. Krause*, 381 S.C. 55, 64 n.5, 671 S.E.2d 389, 393 n.5 (Ct. App. 2008) ("[T]o survive a motion for summary judgment, the plaintiff must offer some evidence that a genuine issue of material fact exists as to each element of the claim unless that element is either uncontested or agreed to by stipulation; otherwise, the plaintiff cannot meet his burden of proof and the claim may be determined as a matter of law by the trial judge."); *Legette v. Piggly Wiggly, Inc.*, 368 S.C. 576, 579, 629 S.E.2d 375, 377 (Ct. App. 2006) ("It is well settled that merchants are not required to continuously inspect their floors for foreign substances."); *Wintersteen v. Food Lion, Inc.*, 344 S.C. 32, 35, 542 S.E.2d 728, 729-30 (2001) ("In the case of a foreign substance, the plaintiff must demonstrate either that the substance was placed there by the defendant or its agents[] or that the defendant had actual or

constructive notice the substance was on the floor at the time of the slip and fall."); *Gillespie v. Wal-Mart Stores, Inc.*, 302 S.C. 90, 91, 394 S.E.2d 24, 24-25 (Ct. App. 1990) ("The customer can establish the storekeeper's constructive knowledge of the dangerous condition by showing that the foreign substance had been on the floor for a sufficient length of time that the storekeeper would or should have discovered and removed it had the storekeeper used ordinary care."); *id.* at 91, 394 S.E.2d at 25 (holding "[t]he mere fact that water was on the floor of the store and was within the field of vision of a nearby store employee at the time [the plaintiff] slipped upon it is not by itself enough evidence to charge [the store] with negligence"); *H. L. Green Co. v. Bowen*, 223 F.2d 523, 525 (4th Cir. 1955) (holding the court could not "attribute constructive notice of the presence of this [foreign substance] to [the defendant] on evidence proving merely that the [foreign substance] had been there a very few minutes"); *Wimberly v. Winn-Dixie Greenville, Inc.*, 252 S.C. 117, 121, 165 S.E.2d 627, 629 (1969) (stating "[t]he burden . . . was on the plaintiff to show that the defendant or its agents knew or should have known that the [foreign substance] was on the floor and was thereby making the aisle a hazard to customers"); *Nelson v. Piggly Wiggly Cent., Inc.*, 390 S.C. 382, 390, 701 S.E.2d 776, 780 (Ct. App. 2010) (stating "a non-moving party may not rely on speculation to defeat a motion for summary judgment").

Here, while the cashier and other Burlington employees were in the vicinity of the liquid spilled on the floor, their mere presence does not create an inference Burlington had actual or constructive knowledge of the spill. In addition, the five minutes or less that the spill was on the floor before Qualls's fall was not sufficient time to attribute notice to Burlington. One can only speculate that the cashier saw the toddler throwing the cup or that she saw the liquid on the floor when she walked past it a few minutes later. However, Qualls cannot rely on speculation that the cashier saw the spill. *See Nelson*, 390 S.C. at 390, 701 S.E.2d at 780 (stating "a non-moving party may not rely on speculation to defeat a motion for summary judgment"). While the trial court did not use the phrase "mere scintilla" when setting forth its standard of review, it stated Qualls's evidence was insufficient to create a genuine issue of material fact. Furthermore, in applying the same standard of review as the trial court, we hold Qualls failed to offer even a mere scintilla of evidence to support a finding of negligence. Accordingly, we find no error in the language of the trial court's order or in its granting of summary judgment to Burlington.

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**HUFF, GEATHERS, and MCDONALD, concur.**