**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Malia Santiago, Appellant,

v.

Ashley Hoggard, Respondent.

Appellate Case No. 2023-001987

———————

Appeal From York County
Daniel Dewitt Hall, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-073
Submitted January 2, 2026 – Filed February 18, 2026

———————

**AFFIRMED**

———————

Jerry Andrew Meehan, Jr., of Crantford Meehan, Attorneys at Law, LLC, of Summerville, for Appellant.

Matthew Clark LaFave, of LaFave Bagley, LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** Malia Santiago appeals the circuit court's order granting summary judgment in favor of Ashley Hoggard. On appeal, Santiago argues the circuit court erred by granting summary judgment because she was not provided a full and fair opportunity to complete discovery. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err by granting summary judgment in favor of Hoggard because Santiago had a full and fair opportunity to depose Buster Patterson, Jr., Santiago's uncle. Patterson was identified, at the latest, during Santiago's June 8, 2023 deposition, and the hearing on the motion for summary judgment was held on September 21, 2023—providing Santiago at least three months to depose Patterson. *See Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 299 (2023) ("Rule 56(c) of the South Carolina Rules of Civil Procedure provides that the moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (alterations in original) (quoting Rule 56(c), SCRCP)); *Nelson v. Piggly Wiggly Cent., Inc.*, 390 S.C. 382, 388, 701 S.E.2d 776, 779 (Ct. App. 2010) ("In determining whether any triable issues of fact exist, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party."); *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) ("Summary judgment is a drastic remedy and must not be granted until the opposing party has had a full and fair opportunity to complete discovery."); *Guinan v. Tenet Healthsystems of Hilton Head, Inc.*, 383 S.C. 48, 54-55, 677 S.E.2d 32, 36 (Ct. App. 2009) ("A party claiming summary judgment is premature because they have not been provided a full and fair opportunity to conduct discovery must advance a good reason why the time was insufficient under the facts of the case, and why further discovery would uncover additional relevant evidence and create a genuine issue of material fact.").

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.